## Troxell *versus* Stockberger.

105 405
111 222

1. The fact that a husband acts as agent for his wife in carrying on a business, in buying and selling, and in investing her money, does not, without her consent, transfer her property to him or render it liable for his debts; and this, although the business be conducted in his name.

February 20, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January Term, 1884, No. 155.

This was a feigned issue under the Sheriff's Interpleader Act, between Mary J. Stockberger, plaintiff, and Lewis Troxell, defendant, to determine the ownership of certain personal property, levied upon in an execution on a judgment held by Lewis Troxell against Christian Stockberger, as the property of the defendant, and claimed by his wife. The property consisted of a quantity of beer and the furniture, fixtures and appliances of a brewery and saloon.

' Upon the trial, before ALBRIGHT, P. J., Mrs. Stockberger showed that she had inherited the said brewery, saloon and appurtenances. from her first husband, and had continued the business after. his death, until she married Stockberger, who then took part in the. business, as she contended, simply as her agent. : : . .

Troxell on the other hand claimed that. the business was carried on in Christian Stockberger's name; which was on the signs, barrels, advertisements, &c., and that the saloon license was in his name. It also appeared that the said Stockberger bought malt, gave notes and checks, and made deposits in banks, on account of the business, in his own name.

.. The plaintiff asked the court to charge :

(3.) A married woman owning real estate can employ her husband as her agent to transact her business, and the mere fact of his using his name in the transaction of the business will not invalidate her title to the property.

Answer.—Affirmed.

(4.) If the jury believe Mrs. Stockberger was the owner of the brewery and personal property, the same: coming from her husband Millhaupt, and she was in possession of the same when she was married to Stockberger, and they. together managed the business, the improvements made and stock replenished with her money, either from the insurance money of $2,500.00 received by her or from the business, the mere fact that her husband aided in the business as agent, or otherwise, does not make the property Stockberger's, and the creditors have no right to seize upon and sell it as the husband's property."

Answer.—Affirmed.

The defendant submitted, inter alia, the following points :

(2.) If a married woman gives her personal property to her husband for use in his business, and without any agreement for the return of the same, and to afford him credit before the world, and he uses it in carrying on business in his name with her knowledge and acquiescence, then she cannot set up separate ownership in herself to the injury of his creditors.

Answer.—Applied to the facts of this case this proposition cannot be affirmed.

(3.) The plaintiff having testified that she transferred the saloon license to her husband, and permitted him to carry on that business and the brewery business in his name, because it looked better in his name than hers, and it being shown that malt was purchased in his name, shipped to him, and used in a business carried on in his name, all with the knowledge and acquiescence of the plaintiff, that as a matter of law the beer

levied on is the property of the husband, and the verdict so far as it is concerned must be for the defendant.

Answer.—Negatived.

(5.) As a matter of law the use of personal property belonging to a wife by her husband as his own and with her approval and consent is sufficient to raise the presumption of a gift to him of such personalty so used.

Answer.—I cannot affirm that a married woman can lose her title to, nor be presumed to have parted with, personal property clearly her own, by reason of the facts here stated. The point is negatived.

In the general charge the court instructed the jury, inter alia, as follows:

" Counsel for defendant has asked the jury to say that Mrs. Stockberger, though she was the owner of this property, permitted her husband to use it as his own and carry on business with it; that thereby she lost title or that it is to be presumed that she made a gift of it to her husband. The point is well worthy of consideration, but I say to you that she could not thus lose the title of those articles. . . . . . The fact that the husband had the license in his own name, had his name on the sign, gave notes and checks, and bought malt in his own name, is some evidence tending to show, if it was with her consent and knowledge, that it was his business and not hers. But it does not follow for that reason only that it ceased to be her business. She might be the owner of the business and yet he might do all this in his own name with the understanding that the same was so done simply as a matter of convenience, and if so done such fact alone would not destroy her right to the proceeds of the business."

Verdict for the plaintiff and judgment thereon; whereupon the defendant took this writ, assigning for error the answers to his points and that part of the general charge above set out.

*Edward Harvey,* (with whom was *W. H. Glace,*) for plaintiff in error.—Whenever a married woman gives her property to her husband without any agreement for repayment, but for investment in his business, and to afford him credit with the world, and he so invests it with her knowledge and acquiescence, his bona fide creditors ought not to suffer afterwards, who had relied upon his capital, because of her attempt to recall the gift, when she finds him embarrassed. Schouler's Domestic Rel., 232. Where the wife permits her husband to receive the profits of her separate estate, the presumption is, that it was the intention of the wife to make a gift of the profits to the husband. Towers v. Hagner, 3 Wh., 48; Naglee v. Ingersoll, 7 Barr., 185; McGlinsey's Appeal, 14 S. & R., 65.

If a married woman owning property allows her husband to receive it, and to use it in business or mix it with his own in such manner that her property cannot be identified or separated from the general mass, she will lose her right in said property as against her husband's creditors. 2 Perry on Trusts, § 678, p. 289.

*John D. Stiles,* (with whom were *Harry G. Stiles* and *Samuel S. Duffy,*) for defendant in error.—The husband may be employed as the agent of the wife, and business may be carried on by her with him as such agent, without her parting with her title to the stock by gift to her husband. Welch *v.* Kline, 7 P. F. S., 428; Hellen *v.* Bryson, 4 Wr., 473; Shimer *v.* Jones, 11 Wr., 274; Manderbach *v.* Mock, 5 Casey, 43; Keeney *v.* Good, 9 Harris, 355; Wieman *v.* Anderson, 6 Wr., 311; Flick *v.* Devries, 14 Wr., 266.

The opinion of the court was filed March 3, 1884.

PER CURIAM: The fact that a husband acts as agent for his wife in buying and selling and in investing her money does not, without her consent, transfer her property to him. The purpose of the Act of 1848 is to protect a married woman in the enjoyment of her separate property. It is not necessary that her property be exclusively in her own possession. It may be in the concurrent possession of herself and her husband, without causing a forfeiture of her right of property. Holcomb *v.* Peoples' Savings Bank, 11 Norris, 338.

In the present case the evidence fully justified the submission to the jury. We see no error in the charge nor in the answers to the points.

Judgment affirmed.